STATE OF LOUISIANA

VERSUS

SYMMERON NIGEL COLE

NO. 19-KA-322

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-3366, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING


November 27, 2019


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.


**AFFIRMED; MOTION TO WITHDRAW GRANTED**

    **HJL**
    **SJW**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Paul D. Connick, Jr.
     Terry M. Boudreaux

COUNSEL FOR DEFENDANT/APPELLANT,
SYMMERON NIGEL COLE
     Bruce G. Whittaker

**LILJEBERG, J.**

Defendant appeals his conviction and sentence for the crime of failing to maintain registration as a sex offender.  For the following reasons, we affirm.  We also grant appellate counsel's motion to withdraw as counsel of record.

## PROCEDURAL HISTORY

On June 20, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Symmeron Nigel Cole, with failing to maintain his registration as a sex offender by failing to complete his annual registration, in violation of La. R.S. 15:542.  Defendant was arraigned on July 9, 2018, and pleaded not guilty.  On May 31, 2019, defendant withdrew his not guilty plea and pleaded guilty as charged.  The trial court sentenced him to imprisonment at hard labor for two years without benefit of parole, probation, or suspension of sentence.  The trial court also ordered this sentence to run concurrently with defendant's sentence in case number 18-5978.[1]  Defendant appeals.

## FACTS

Because defendant pleaded guilty, the underlying facts were not fully developed at a trial.  In the bill of information, the State alleged that on or about March 10, 2017, in Jefferson Parish, defendant violated La. R.S. 15:542, in that he failed to maintain his registration as a sex offender by failing to complete his annual registration.  Additionally, the State provided the following factual basis during the guilty plea colloquy:

> Your Honor, if this matter proceeded to trial, with regard to or [sic] Bill in case number 18-3366, our evidence would have proven beyond a reasonable doubt that Mr. Cole, on or about March 10th of the year 2017, committed a violation of Louisiana Revised Statute 15:542 in that he did fail to

---

[1] On May 31, 2019, defendant also pleaded guilty in case number 18-5978 to a charge of failing to notify law enforcement of a change of address, in violation of La. R.S. 15:542.1.2.  The trial court sentenced him to imprisonment at hard labor for two years on that charge.  The trial court also found defendant guilty of direct contempt of court for failure to appear for the previous trial date.  The trial court sentenced him to 30 days in the Jefferson Parish Correctional Center and ordered the sentences in case numbers 18-3366 (the instant case) and 18-5978 to run consecutively to the contempt sentence.

> maintain his registration as a Sex Offender, specifically, by failing to complete his registration. He was obligated to register as a result of previously pleading guilty to a sex offense.

## LAW AND DISCUSSION

Pursuant to the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by "'a brief referring to anything in the record that might arguably support the appeal'" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection

---

[2]In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).
[3] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

In the present case, defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel states that defendant entered an unqualified guilty plea to the charging document waiving all non-jurisdictional defects, after which he was sentenced pursuant to a plea agreement. He notes that defendant indicated that he understood the plea form, his rights, the elements of the charge, and the sentence he would receive in exchange for the plea. Appellate counsel also asserts that defendant indicated he had not been forced, coerced, or threatened into pleading guilty. He asserts that the plea bargain appears to have been advantageous to defendant because he received the minimum sentence of two years for an offense carrying a maximum of ten years and because the sentence was ordered to run concurrently with his other felony sentence.

Appellate counsel has filed a motion to withdraw as attorney of record, in which he states that he notified defendant that he filed an *Anders* brief and advised him of his right to file a *pro se* supplemental brief.[4] Defendant has not filed a *pro se* supplemental brief in this matter.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

The bill of information properly charged defendant, identified defendant and the crime charged, and stated the essential facts constituting the offense charged. *See* La. C.Cr.P. arts. 462-466. The record also shows there are no appealable issues surrounding defendant's presence. The minute entries show that defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea, and sentencing.

Further, defendant pleaded guilty as charged. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered an unqualified guilty plea, and therefore, all non-jurisdictional defects are waived. Also, no rulings were preserved for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La. 1976).

Although defendant filed a motion for preliminary hearing, the record does not reflect that the trial court ruled upon defendant's motion. However, defendant did not object to the trial court's failure to do so. When the trial court does not hear or rule on a pretrial motion, and the defendant does not object prior to pleading guilty, the motion is considered waived. *See State v. Corzo*, 04-791 (La.

---

[4] This Court also sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had the right to file a *pro se* supplemental brief.

App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Accordingly, defendant's motion for preliminary hearing was waived.

Next, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*[5] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *Id.*

A review of the record reveals no constitutional infirmity in defendant's guilty plea. At the hearing on May 31, 2019, defendant's counsel stated that defendant was going to withdraw his not guilty plea and plead guilty. Defendant indicated that he understood the nature of the crime to which he was pleading guilty, *i.e.* failing to maintain his registration as a sex offender in violation of La. R.S 15:542, with the date of the offense being March 10, 2017. During the colloquy, defendant indicated he was able to read the *Boykin* form and understand it with the assistance of counsel, and he identified his initials and signature on the *Boykin* form. Defendant also indicated that he did not have any mental or physical impairment affecting his ability to enter the guilty plea and that he was able to read, write, and understand the English language. On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by *Boykin*. Defendant indicated during the colloquy with the trial court that he understood those rights.

During the colloquy and on the waiver of rights form, defendant was informed of the maximum sentence he faced and the actual sentence that would be

---

[5] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

imposed if his guilty plea was accepted. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1(E). Although the trial judge did not inform defendant of the minimum possible sentence, defendant was not prejudiced because he knew the sentence he would receive, and he received that sentence. The advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. *Id.* After defendant indicated that no promises or threats had been made to encourage him to plead guilty, the trial judge found that defendant made a knowing, intelligent, free, and voluntary act of tendering his guilty plea, and he accepted his plea.

Finally, defendant's sentence does not present any issues for appeal. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement. *See State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, defendant's sentence was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea, and it falls within the statutory sentencing range. *See* La. R.S. 15:542.1.4. In addition, defendant's plea agreement was beneficial to him in that he received the minimum sentence of two years when he could have received a maximum sentence of ten years, and the sentence was ordered to run concurrently with the sentence in case number 18-5978.

Appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports

counsel's assertion. Accordingly, we affirm defendant's conviction and sentence, and we grant appellate counsel's motion to withdraw as attorney of record.

## ERRORS PATENT

The record was reviewed for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review did not reveal any errors that require corrective action.

## DECREE

For the foregoing reasons, we affirm defendant's conviction and sentence for failing to maintain his registration as a sex offender in violation of La. R.S. 15:542. We also grant appellate counsel's motion to withdraw as counsel of record.

### AFFIRMED; MOTION TO WITHDRAW GRANTED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 27, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-322

### E-NOTIFIED
TERRY M. BOUDREAUX

### MAILED
BRUCE G. WHITTAKER
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
1215 PRYTANIA STREET
SUITE 332
NEW ORLEANS, LA 70130

HON. PAUL D. CONNICK, JR.
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053